IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Shane Tucker, | ) | C/A No. 0:15-4218-JMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| Warden, McCormick Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Billy Shane Tucker, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Tucker was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 20.) Tucker filed a response in opposition to the respondent's motion (ECF No. 38), and the respondent replied (ECF No. 39). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Tucker's Petition denied.

## BACKGROUND

Tucker was indicted in August 2005 in Anderson County for murder, assault and battery with intent to kill ("ABWIK"), and possession of a weapon during the commission of violent crime (2005-GS-04-2177, -2178). (App. at 491-92, 494-95; ECF No. 19-3 at 121-22, 124-25.) Tucker was

represented by Robert Gamble, Esquire, and on March 13-15, 2006 was tried by a jury and found guilty as charged. (App. at 364-65, ECF No. 19-2 at 178-79.) The circuit court sentenced Tucker to life imprisonment for murder, twenty years' imprisonment for ABWIK, and five years' imprisonment for possession of a weapon, all sentences to be served consecutively. (App. at 373, ECF No. 19-3 at 3.)

Tucker timely appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Commission on Indigent Defense, who filed an <u>Anders</u>[1] brief on Tucker's behalf that raised the following issue:

> Did the trial court lack jurisdiction to try appellant where the indictment purported to have been presented to the court of general sessions when it was not in session, and thus did not have jurisdiction?

(App. at 376-87, ECF No. 19-3 at 6-17.) On November 12, 2008, the South Carolina Court of Appeals dismissed Tucker's appeal. (<u>State v. Tucker</u>, Op. No. 2008-UP-622 (S.C. Ct. App. Nov. 12, 2008), App. at 391, ECF No. 19-3 at 21.) The remittitur was issued December 2, 2008. (App. at 392, ECF No. 19-3 at 22.)

Tucker filed a *pro se* application for post-conviction relief ("PCR") on January 7, 2009 in which he raised the following claims, as summarized by the PCR court:

1.     Ineffective Assistance of Counsel.
       a.      Failure to interview alibi witness.
       b.      Failure to use an alibi defense.
       c.      Failure to use adversarial test to show State's witnesses' speculation.

---

[1] <u>Anders v. California</u>, 386 U.S. 738 (1967). <u>Anders</u> requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. <u>Anders</u>, 386 U.S. at 744.



    d.    Failure to object to statements by Leah Spruill and Tracey Beamon that I killed David Blackwell.

    e.    Failure to interview expert witnesses before trial.

    f.    Failure to introduce favorable evidence at trial.

    g.    Failure to do a pretrial investigation.

    h.    Failure to ask for a directed verdict.

    i.    Failure to object to hearsay.

    j.    Failure to object to solicitor's closing argument.

    k.    Failure to discuss charges with the Applicant.

    l.    Failure to keep Applicant informed about the case.

    m.    Failure to object to sentencing structure.

    n.    Failure to object to lack of subject matter jurisdiction

    o.    Forcing Applicant into not to testify

2.    Brady violation.

3.    Prosecutorial Misconduct.

(See Tucker v. State of South Carolina, 2009-CP-04-54; App. at 393-99, ECF No. 19-3 at 23-29; see also App. at 461-62, ECF No. 19-3 at 91-92.) The State filed a return. (App. at 400-05, ECF No. 19-3 at 30-35.) On October 5, 2010, the PCR court held an evidentiary hearing at which Tucker appeared and testified, and was represented by Rodney Richey, Esquire. By order filed September 8, 2011, the PCR court denied and dismissed with prejudice Tucker's PCR application. (App. at 460-88, ECF No. 19-3 at 90-118.)

On appeal, Tucker was represented by Dayne C. Phillips, Esquire, with the South Carolina Commission on Indigent Defense, who filed a Johnson[2] petition for a writ of certiorari that presented the following issue:

> Did the PCR Court err in finding that trial counsel provided effective assistance of counsel where trial counsel failed to call a witness that was critical to Petitioner's defense when this failure was not objectively reasonable given the defense theory of the case?

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967), to post-conviction appeals).



(ECF No. 19-4.)  Tucker filed a *pro se* response to the Johnson petition in which he raised the

following issues, quoted verbatim:

1.  Did the PCR Court err in finding that trial counsel provided effective assistance of counsel, because trial counsel fail to call a witness that was critical to Petitioner's Defense?

2.  Did the PCR Court err in finding that trial counsel provided effective assistance of counsel, where trial counsel failed to object to sentencing structure?

3.  Did the PCR Court err in finding trial counsel provided effective assistance of counsel where counsel failed object to hearsay?

4.  Did the PCR Court err in finding trial counsel provided effective assistance of counsel where trial counsel failed to object to speculation?  OR By using the Adversal test show speculation?

5.  Did the PCR Court err in finding that counsel provided effective assistance of counsel where trial counsel did not introduce crucial Identification material at trial or exculpatory evidence favorable to petitioner?

6.  Did the PCR Court err in finding trial counsel provided effective assistance of counsel where trial counsel let petitioners' Due Process be violated by taking him to a jury trial during common pleas court and for not objecting to indictments being done outside of court term?  And by doing so, did the PCR Court err in finding Due process not being met and not prosecutional misconduct?

7.  Did the PCR Court err in finding trial counsel provided effective assistance where he created numerous harmful errors?

8.  Did the PCR Court err in not ruling on the cumulative factor of case, the Jurisdiction of the Court to take Petitioner to court during common pleas court term to a jury trial, for not ruling on Prosecutional misconduct?

9.  Did the PCR Court err in finding trial counsel provided effective assistance of counsel where counsel did not object to solicitor's closing argument?  And prosecution did not commit prosecutional misconduct by stating personel belief in closing argument?  Last in finding Due Process was not violated?

> 10. Was PCR counsel ineffective for not asking the PCR court to rule on all issues and for not introducing evidence into record for the courts to reflect on?

(ECF No. 19-5) (errors in original).  On February 24, 2014, the South Carolina Court of Appeals directed the parties to address the following question as well as any other questions of arguable merit:

> In light of Petitioner's life sentence for murder, was trial counsel ineffective in failing to object to Petitioner's five-year sentence for possession of a weapon during the commission of a violent crime?

(ECF No. 19-6.).  Tucker, through counsel Carmen V. Ganjehsani, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for a writ of certiorari in which she raised the following questions:

> I. Where Petitioner was sentenced to life for murder, whether trial counsel was ineffective in failing to object to Petitioner's five-year sentence for possession of a weapon during the commission of a violent crime where S.C. Code Ann. § 16-23-490 expressly provides that the "five-year sentence does not apply in cases where the death penalty or a life sentence without parole is imposed for the violent crime?"
>
> II. Whether the PCR court erred in finding trial counsel provided effective assistance of counsel where trial counsel failed to call a crucial witness at trial where this witness would have testified, and telephone records would have shown, that she had a one to two minute telephone conversation with Petitioner on his landline at 11:18 a.m. on the day of the shootings where the State alleged that the confrontation and shootings occurred at 11:30 a.m. three and a half miles away from Petitioner's home?
>
> III. Whether trial counsel was ineffective for failing to object to the admission of Leah Spruell's out-of-court statement to law enforcement that Petitioner was the shooter where this statement constituted inadmissible hearsay that did not meet the requirements of Rule 801(d)(1)(B), SCRE for admission of a prior consistent statement?
>
> IV. Whether trial counsel was ineffective by failing to introduce exculpatory evidence at Petitioner's trial?



(ECF No. 19-7.)  The State filed a return.  (ECF No. 19-8.)  On January 27, 2015, the South Carolina

Court of Appeals issued an order granting certiorari as to question one, vacating Tucker's sentence

for possession of a weapon during the commission of a violent crime, and denying Tucker's petition

for a writ of certiorari as to the remaining questions.  (ECF No. 19-9.)  The remittitur was issued on

February 12, 2015.  (ECF No. 19-10.)  This action followed.

## FEDERAL HABEAS ISSUES

Tucker's federal Petition for a writ of habeas corpus raises the following issues, quoted

verbatim:

**Ground One:**  Subject Matter Jurisdiction
**Supporting Facts:**  State took Petitioner to General Sessions Court on Void and
Nullity Indictments.

**Ground Two:**  Subject Matter Jurisdiction
**Supporting Facts:**  State took Petitioner to a Jury trial during a Common Pleas
Court term.  Petitioner had his Jury trial during a Common Pleas Court term.  The
Judge (general sessions) doing Common Pleas court can open up (GS) to do Any
general sessions' business except trials by Jury.  Any trial by Jury done during a
Common Pleas Court term defined by (title 14) is illegal and cannot be trust or relied
upon.  Petition is bringing this up for the first time on Appeal As Subject Matter
Jurisdiction.

**Ground Three:**  Due Process Violation (3 counts)
**Supporting Facts:**    (1)  State took petitioner to a Jury trial During a common
                        Pleas court term/which is a violation of state law/statues.
                        (2)  State took Petitioner to a Jury trial on void indictments
                        (3)  State prosecution Put personnel belief in closing
                        Arguments

**Ground Four:**  Prosecutional Misconduct
**Supporting Facts:**    (1)  for take Petitioner to court to a Jury trial during a
                        common pleas court term.
                        (2)  for taking Petitioner to Court as Void and Nullity
                        indictments.
                        (3)  for Putting Personnel Belief in closing Argument which
                        goes Against law.



**Ground Five:**  Ineffective assistance of Counsel (9 counts) IAC

**Supporting Facts:**    (1)  IAC for not objecting to sentencing structure

(2)  IAC for not calling a critical alibi witness that could have helped establish a alibi for time of crime.

(3)  IAC for not objecting to hearsay by state witnesses

(4)  IAC for not objecting to speculation by state witnesses.

(5)  for not introducing crucial Identification material favorable to petitioner

(6) IAC for letting the state violate Petitioners' Due Process rights, Because state took Petitioner to a Jury trial during a common pleas court term.  Also, for letting the state take petitioner to a Jury trial on void and Nulity indictments

(7)  IAC for committing a cumulative of errors that where extremely harmful to Petitioner

(8)  IAC for not objecting to solicitor injecting his Personel belief of the evidence into the closing Argument

(9)  for not objecting to a Prior consistent statement by a state witness

**Ground Six:**  Ineffective assistance of PCR Counsel (2 counts) IAC PCR

**Supporting Facts:**    (1)  for not filing a 59(e) to make Judge at PCR Rule on All issues instead of Just some.  Insuring All petitioners Grounds and Issues where Preserved for each Court.

(2)  for not introducing evidence shown in PCR hearing into record for courts to reflect on when viewing Petitioner's case at higher levels.

**Ground Seven:**  PCR Judge Errored By Not Ruling On All Issue's

**Supporting Facts:**    (1)  PCR Judge errored by not ruling on the Cumulative effect of all the errors counsel made a Jury trial.

(2)  PCR Judge errored by not ruling on issue About Petitioner being taking to a Jury trial during a common pleas court term

(3)  for not ruling on Prosecutional misconduct, About injecting Personnel Belief into closing argument.

(Pet., ECF No. 1) (errors in original) (citations to record omitted).



## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103).   Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.   Harrington, 562 U.S. at 101.   Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.   See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).   If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.   Id.   Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.   Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id.   Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.     **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



**D.**    **Respondent's Motion for Summary Judgment**

    **1.**    **Claims That Are Not Cognizable**

        **a.**    **Grounds One, Two, Three (1-2), and Four (1-2)**

In Grounds One, Two, Three (subsections one and two), and Four (subsections one and two) of the Petition, Tucker argues the trial court lacked subject matter jurisdiction over his trial. However, such claims are matters of state law and are not reviewable in a federal habeas action, even where, as here, the petitioner couches the issue as one of prosecutorial misconduct and a violation of his right to due process. A district court may only entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (providing a federal habeas court may not evaluate petitioner's claim that the state trial court lacked subject matter jurisdiction because such a determination is a matter of state law, and not the Constitution or law or treaties of the United States); see also Pulley v. Harris, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). Therefore, Tucker's claims do not implicate the Due Process Clause or any other right secured by the Constitution or laws of the United States. Accordingly, the court finds these claims are not cognizable in this proceeding.

        **b.**    **Grounds Three (3) and Four (3)**

In Ground Three, subsection three and Ground Four, subsection three, Tucker argues it was error for the solicitor to inject his personal opinion into his closing argument. These claims only raise issues of state evidentiary law, which do not present cognizable federal habeas corpus claims. See 28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the



province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Moreover, the court finds that Tucker's presentation of this state law claim as a violation of due process and prosecutorial misconduct in Grounds Three and Four does not change the court's analysis that the claim does not arise under the Constitution or laws of the United States. See Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000) ("In federal habeas actions, we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding."); Spencer v. Murray, 18 F.3d 237, 239-40 (4th Cir. 1994) (finding that a habeas petitioner's claim that DNA evidence was unreliable in his state criminal proceeding did not state a federal claim under § 2254(a), even construing the claim as a denial of due process). Accordingly, these issues are not cognizable in a federal habeas court, absent a showing of extraordinary circumstances, which Tucker has not demonstrated.

### c.    Ground Five (7)

In Ground Five, subsection seven of the Petition, Tucker argues trial counsel's cumulative errors require the court to find that he was deprived effective assistance of counsel under the Sixth Amendment. The court finds that Tucker's cumulative error claim is not cognizable because such claims are not recognized by the United States Court of Appeals for the Fourth Circuit. See Fisher v. Angelone, 163 F.3d 835, 852-853 (4th Cir. 1998) (finding ineffective assistance of counsel claims

must be reviewed individually rather than collectively).[3]  Accordingly, this claim is not cognizable in this proceeding.[4]

### d.     Ground Six

In Ground Six, Tucker argues PCR counsel was ineffective in his representation.  However, such freestanding claims of ineffective collateral review counsel are not cognizable in habeas corpus actions pursuant to § 2254.  See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Lawrence, 517 F.3d at 717 ("[A] petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself.") (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)); but see Martinez 132 S. Ct. 1309, 1320 (2012) (stating that "while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause' " for an otherwise procedurally defaulted ineffective assistance of trial counsel claim).[5]  Accordingly, to the extent Tucker raises the ineffectiveness of PCR counsel as a freestanding claim for relief in Ground Six, the claim is not cognizable in this proceeding.

---

[3] Regardless, as described in detail below, Tucker has failed to show that trial counsel was deficient in regards to any of his individual ineffective assistance of counsel claims.

[4] Moreover, as the respondent correctly argues, this claim would be procedurally barred from federal habeas review because it was not raised to and ruled on by the PCR court.

[5] To the extent Tucker raises the ineffectiveness of PCR counsel as cause to excuse the procedural bar of any of his claims, such arguments are addressed below.



### e.    Ground Seven

Finally, as to Ground Seven, Tucker fails to state a cognizable claim because his complaints about alleged defects in collateral review proceedings and procedures are not cognizable in a federal habeas action. See 28 U.S.C. § 2254(a); Lawrence, 517 F.3d at 717 ("A state prisoner has no federal constitutional right to post-conviction proceedings in state court.") (citing Bryant, 848 F.2d at 493). Tucker's claims involve issues related to the proceeding in which he collaterally attacked his conviction, rather than the proceedings that have culminated in his incarceration. Accordingly, Tucker's claims of errors in his PCR proceeding are not cognizable in this proceeding.

### 2.    Procedural Bar

### a.    Ground Five (3, 4, 6, 7, 8)

The respondent argues Ground Five, subsections three, four, six, seven, and eight of the Petition are procedurally barred because they were not raised to the South Carolina Court of Appeals in Tucker's PCR appeal. However, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." Hudson v. Jones, 351 F.3d 212, 215 (6th Cir. 2003) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Based on the record in this matter, the court deems that, in the interest of judicial economy, it is more efficient to proceed directly to the merits of these claims in light of the uncertainty of the applicable state procedural rule in this case, assuming the claims are not procedurally barred on other grounds. See 28 U.S.C. § 2254(b)(2); Lambrix, 520 U.S. at 525 ("Judicial economy might counsel giving the [habeas claim]



priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.").

Normally the filing of a Johnson petition for a writ of certiorari in the state appellate court will preserve for review any issue raised to and ruled on by the PCR court.  See Johnson, 364 S.E.2d at 201 (stating counsel may withdraw from representation in a meritless PCR appeal if the procedures in Anders are followed); see also Jamison v. State, 765 S.E.2d 123, 128 (S.C. 2014) ("This Court recently held that, '[u]nder the Anders procedure, an appellate court is required to review the entire record, including the complete trial transcript, for any *preserved* issues with potential merit.' ") (citing McHam v. State, 746 S.E.2d 41, 46 (S.C. 2013)).  However, the court is not aware of any South Carolina case that explains whether an issue that was raised to and ruled on by the PCR court and raised in a *pro se* brief accompanying a Johnson petition, but was not raised in a merits brief following the denial of counsel's request to withdraw from representation, is still preserved for the court's review.  The court notes that, in this scenario, because the appellate court already conducted an Anders review pursuant to Johnson, the court reviewed all issues raised to and ruled on by the PCR court.  But, such a determination of a state rule of appellate procedure is better left to the discretion of state appellate courts, and therefore, the court declines to apply a procedural bar to Ground Five, subsections three, four, six, seven, and eight of the Petition because of Tucker's failure to raise these claims in his merits brief to the South Carolina Court of Appeals in his PCR appeal.  See Lambrix, 520 U.S. at 525.

Alternatively, the respondent argues Tucker's claim in Ground Five, subsection six, concerning trial counsel's failure to object to the trial court's lack of subject matter jurisdiction based on an illegal term of court is procedurally barred because it was not ruled on by the PCR court.  The



court disagrees.  In Ground Five, subsection six, Tucker argues trial counsel was ineffective for failing to challenge the trial court's subject matter jurisdiction on two bases.  First, he argues that the court lacked subject matter jurisdiction because his indictments were defective.[6]  Second, he argues the court lacked subject matter jurisdiction because he was tried during a term of the Court of Common Pleas, South Carolina's civil circuit court, rather than a term of the Court of General Sessions, South Carolina's criminal circuit court.  (App. at 431, 465; ECF No. 19-3 at 61, 95.)  The PCR court ruled on this second basis when it found that circuit courts have subject matter jurisdiction to try criminal matters, and therefore, the circuit court had jurisdiction over Tucker's criminal case.  (App. at 484, ECF No. 19-3 at 114.)  Because this claim was raised to and ruled on by the PCR court, it was preserved for review on Tucker's PCR appeal, and accordingly, the claim is not procedurally barred from federal habeas review.  See Lawrence, 517 F.3d at 714.

### 3.    Ineffective Assistance of Counsel—Merits

Remaining to be addressed on the merits are eight claims of ineffective assistance of trial counsel.[7]  A defendant has a constitutional right to the effective assistance of counsel.  See Strickland v. Washington, 466 U.S. 668 (1984).  To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland, that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").  To satisfy the first prong of Strickland, a

---

[6] The respondent does not argue that Tucker's claim on this first basis is procedurally barred, as that claim was clearly ruled on by the PCR court.

[7] As discussed below, the court finds Ground Five, subsection nine, is procedurally barred but nonetheless addresses the merits for the reasons explained below.



petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals, on all but one of the issues presented in this habeas petition, which may provide reasons or theories that the appellate court



could have relied upon in denying Tucker's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

### a. Ground Five (1)

In Ground Five, subsection one of the Petition, Tucker argues trial counsel was ineffective for not objecting to his sentence for possession of a weapon during the commission of a violent crime. The court finds this issue is moot. Tucker's sentence for possession of a weapon during the commission of a violent crime was vacated by the Court of Appeals in his PCR appeal, and Tucker has not presented any collateral consequence of the conviction that still exist to present a case and controversy under the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained"). Accordingly, the court finds Tucker's claim in Ground Five, subsection one, is moot.

### b. Ground Five (2)

In Ground Five, subsection two of the Petition, Tucker argues trial counsel was ineffective for failing to call an alibi witness. At trial, the State presented evidence that the victims, David Blackwell and Leah Spruell, were shot by a lone gunman around 11:30 a.m. Blackwell was killed and Spruell was severely injured. The evidence showed the victims were shot in their home, roughly three and one half miles from Tucker's home on the same road. The evidence also showed that



Tucker made a threatening call to Blackwell and Spruell's home that day before the shooting at 11:15 a.m.

At the PCR hearing, Tucker testified trial counsel was ineffective for not calling an alibi witness, specifically, his friend Tonya Umlend. (App. at 417, ECF No. 19-3 at 48.) He testified that he told trial counsel about Umlend at his bond hearing and trial counsel talked to her then and took her contact information but never reached out to her. (App. at 418, ECF No. 19-3 at 48.) Tucker testified Umlend could testify that she was at his house with him for about ten minutes shortly before 11 a.m. on the day of the shooting, and also that he talked to her on the phone at 11:18 a.m. (App. at 434-35, ECF No. 19-3 at 63-64.) He testified that Umlend's testimony would have shown that he did not have time to go to the victim's house and shoot the victims as alleged by the State. (Id.)

Umlend testified she went to Tucker's house shortly before 11 a.m. on the day of the shooting. (App. at 412, ECF No. 19-3 at 42.) She testified that they talked for about ten minutes until she left to take her children to the doctor. (Id.) She further testified that she asked Tucker to accompany her and her children to the doctor but he refused. (Id.) She testified that Tucker called her at 11:15 or 11:16 a.m. to apologize for not going to the doctor with her. (Id.)

Trial counsel testified that he talked to Umlend but her alibi did not cover the time that the State alleged the shootings took place. (App. at 439, ECF No. 19-3 at 69.) Specifically, trial counsel stated he could not substantiate an alibi for Tucker from 11:15 to 11:30 that morning, and the evidence at trial showed the shooting happened close to 11:30.[8] (App. at 441, ECF No. 19-3 at 71.)

---

[8] No testimony at PCR explained what alibi Tucker may have had from 11:30 a.m. and beyond.



The PCR court found Tucker's claim that trial counsel was ineffective for failing to use an alibi defense was without merit. The court found trial counsel was not ineffective because Umlend's testimony did not cover the entire time in which the crime was alleged to have occurred, and therefore, Tucker was not entitled to an alibi defense.

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Umlend was the only alibi witness Tucker presented at the PCR hearing. Umlend's testimony provides an alibi for Tucker for ten minutes, starting "shortly before" 11:00 a.m., and again for one to two minutes at 11:15 or 11:16 a.m., assuming a phone conversation can establish an alibi.[9] However, the shooting allegedly took place around 11:30 a.m. Therefore, Tucker failed to show trial counsel had an arguable basis to pursue an alibi defense. See State v. Baker, 769 S.E.2d 860, 865 (S.C. 2015) ("[B]y an alibi the accused attempts to prove that he was at a place so distant that his participation in the crime was impossible. To be successful, his alibi must cover the entire time when his presence was required for accomplishment of the crime.") (citing State v. Robbins, 271 S.E.2d 319, 320 (S.C. 1980)). Consequently, the PCR court reasonably found that trial counsel was not ineffective for failing to call an alibi witness.

[9] Notably, Tucker did not present any evidence at the PCR hearing explaining how his phone call with Umlend established an alibi. For instance, no evidence was presented to establish that the call was made over a land line telephone to show that the call was made from a location sufficiently distant from the shooting, which could show that Tucker could not have been at the victims' house at the time of the shooting. Moreover, even if Tucker could establish that the call was made from his house, evidence at trial showed he lived on the same road as, and only three and one half miles away from, the victims' house.

PJG

### c.    Ground Five (3)

In Ground Five, subsection three of the Petition, Tucker argues trial counsel was ineffective for failing to object to the testimony of three witnesses as hearsay. Specifically, he alleges that Leah Spruell, Tracy Beamon, and Brad Suttle all gave inadmissible hearsay testimony at trial by stating that Tucker sold drugs to Blackwell, and that the transaction led to the shooting. (App. at 419, ECF No. 19-3 at 49.)

The PCR court found this claim was without merit because Tucker failed to show that the three witnesses' testimony about the drug transaction was hearsay, and therefore, trial counsel could not be ineffective for not objecting to admissible testimony. The court finds that the PCR court reasonably found trial counsel had no basis to object to the witnesses' testimony as hearsay. The witnesses' testified about their personal knowledge of a drug transaction between Tucker and Blackwell. Their testimony was not hearsay because it did not reference an out of court statement. See Rule 801(c), SCRE (" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). Therefore, the PCR court's decision on this issue was not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

### d.    Ground Five (4)

In Ground Five, subsection four of the Petition, Tucker argues trial counsel was ineffective for failing to object to testimony by Spruell and Beamon that Tucker killed Blackwell. Specifically, Tucker argues that their testimony was objectionable because they were not eyewitnesses to the shooting.



At trial, Spruell testified that she was in another room of the house when she heard Tucker shoot Blackwell, and thereafter, Tucker came to her room and shot her in the face. (App. at 72-73, ECF No. 19-1 at 74-75.) Beamon did not testify that Tucker shot or killed Blackwell.

At the PCR hearing, trial counsel testified he did not object to the testimony of Spruell because she was allowed to testify as to what she could hear from the other room, and therefore, he had no objection to raise. (App. at 455, ECF No. 19-3 at 85.) The PCR court found trial counsel was not ineffective for not objecting to Spruell and Beamon's testimony because trial counsel did not have a basis to object to the testimony, and Tucker failed to show that the outcome of his trial would have been different had counsel objected. The court finds the PCR court reasonably found trial counsel had no basis to object because the record reflects Beamon did not testify that Tucker shot Blackwell, and Spruell merely testified about her own personal recollection of the shooting, specifically, that Tucker came to their home with a gun, threatened both of them, and when Blackwell and Tucker left the room, she heard a gun fire a single shot. The fact that Spruell did not *see* the shooting does not make her testimony as to what she *heard* objectionable. See generally Rule 602, SCRE (providing that witnesses may only testify to matters within their personal knowledge). Accordingly, the PCR court's finding that trial counsel was not ineffective is not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

### e.    Ground Five (5)

In Ground Five, subsection five of the Petition, Tucker argues trial counsel was ineffective for failing to present evidence to corroborate an eyewitness's statement that Tucker was not at the scene of the crime.



At trial, during cross-examination of a police officer, trial counsel introduced the written statement of a deceased eyewitness. (App. at 147-48, ECF No. 19-1 at 149-50.) The eyewitness was a neighbor of the victims, identified as "Ms. Mayfield." Her statement indicated that a van, which fit the description of Tucker's van, regularly stopped at the victims' house every morning to pick up a man to go to work. (Id.) However, the statement said that on the day of the shooting, the van showed up later, and "[o]ne guy that got into the van again was skinner [*sic*] than the one that usually drives it. His hair was 'long, dark brown, shoulder length, hair pulled into ponytail.' He was about five seven to five nine.' " (Id.) Using a picture of Tucker from the time of his arrest that was already in evidence, trial counsel was able to force the officer to admit that the picture did not indicate that Tucker had shoulder-length hair. (Id.)

At the PCR hearing, Tucker testified trial counsel should have presented more facts about his appearance that would have further shown that he was not the person Mayfield saw driving his van on the day of the shooting. (App. at 423, ECF No. 19-3 at 53.) Tucker testified that at the time of the shooting, he had long hair that went to the middle of his back and a long goatee that went to the middle of his chest. (App. at 422, ECF No. 19-3 at 52.) He also testified that Mayfield should have been able to see the tattoos on his arms. (App. at 423, ECF No. 19-3 at 53.) He further testified that, while another eyewitness testified that the perpetrator had no tattoos, he tried to show his tattoos to the jury by rolling up his sleeves and propping his chin on his fist, but trial counsel stopped him. (App. at 424, ECF No. 19-3 at 54.)

Trial counsel testified that the best witness they had to present in Tucker's defense at trial was Mayfield, but she died before trial. (App. at 442, ECF No. 19-3 at 72.) Therefore, he testified, he had Mayfield's written statement admitted at trial. (Id.)



The PCR court found trial counsel was not ineffective for failing to present evidence to corroborate Mayfield's statement.  The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.  Tucker asserted that trial counsel should have introduced evidence that he had a long goatee and tattoos on his arms to show that Mayfield's description did not match his appearance at the time.[10]  However, Mayfield's statement was silent as to whether the perpetrator had facial hair or tattoos, nor did her statement suggest that she could see the perpetrator's face or arms.  Rather, her statement only described the perpetrator's body type and hair length, color, and style.  Therefore, it is not clear that trial counsel would have had reason to believe that introducing the evidence urged by Tucker would have bolstered the discrepancy between Mayfield's description and Tucker's appearance.  Moreover, Tucker failed to show that this additional evidence would have changed the outcome of the trial.  See Strickland, 466 U.S. at 694.  Trial counsel was able to introduce Mayfield's description of the perpetrator and compare it to a photo of Tucker that did not match the description.  Therefore, the jury was already made aware that Mayfield's description did not match Tucker's appearance at the time.  Accordingly, the court finds the PCR court reasonably found that trial counsel was not ineffective for not introducing the evidence to corroborate Mayfield's statement.

### f.    Ground Five (6)

In Ground Five, subsection six of the Petition, Tucker argues trial counsel was ineffective for failing to object to the trial court's lack of subject matter jurisdiction.  Specifically, Tucker argues the trial court lacked subject matter jurisdiction because his indictments were null and void and

---

[10] Tucker did not explain how he intended to introduce such evidence in light of the fact that trial counsel's strategy was to attack the state's case and not put up a defense.  (App. at 443, 445; ECF No. 19-3 at 73, 75.)



because the term of court during trial was for the Court of Common Pleas rather than the Court of General Sessions.[11]

The PCR court found this ineffective assistance of counsel argument was without merit because the court had subject matter jurisdiction. The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law. First, defects in indictments do no affect the subject matter jurisdiction of South Carolina courts. See State v. Gentry, 610 S.E.2d 494 (S.C. 2005) (clarifying the concepts of subject matter jurisdiction and sufficiency of an indictment are distinct); see also Bayly v. State, 724 S.E.2d 182, 184 (S.C. 2012) ("Based on [Gentry's] clarification, we conclusively recognized that an indictment, which is a notice document, does not confer subject matter jurisdiction on a circuit court."). Second, in South Carolina, the term of court does not affect subject matter jurisdiction of a court. See State v. Campbell, 656 S.E.2d 371, 373 (S.C. 2008) (stating that rule of law that a trial judge is without jurisdiction to consider a criminal matter once the term of court during which judgment was entered expires does not involve the court's subject matter jurisdiction). Therefore, the subject matter jurisdiction of the trial court is unaffected by indictments and the term of court, and consequently, trial counsel had no basis to object to the trial court's subject matter jurisdiction. Accordingly, the court finds the PCR court reasonably found trial counsel was not ineffective on this ground.

---

[11] In South Carolina, the Court of Common Pleas is the civil court at the circuit level, and the Court of General Sessions is the criminal court at the circuit level.



g.      **Ground Five (8)**

In Ground Five, subsection eight of the Petition, Tucker argues trial counsel was ineffective for failing to object to the solicitor's closing argument. Specifically, Tucker argues the solicitor injected his personal opinion into the closing argument.

During the closing arguments, the solicitor stated, "He also stated that he does not own a 44 Magnum pistol. I've seen it. He showed it to me. Coincidence that 44 Magnum bullets are in his van? Coincidence that 44 Magnum bullets are found in the victim's house? I think not." (App. at 329, ECF No. 19-2 at 143.)

At the PCR hearing, Tucker testified that the solicitor stated in closing arguments that the type of bullets found in his van were the same type of bullets used to shoot the victims. (App. at 425, ECF No. 19-3 at 55.) However, Tucker testified, there was no testimony presented at trial to show that the type of bullets found in his van were the same type of bullets used to shoot the victims. (Id.) Tucker stated trial counsel should have objected to that statement because it placed him at the scene of the crime. (Id.)

Trial counsel testified that he does not usually object during closing arguments unless there is an "absolute violation of the rules," and the solicitor's comment about the bullets was not an absolute violation. (App. at 445, ECF No. 19-3 at 75.) He testified that the solicitor's statement was speculative, but it was an assumption that could arise from the fact that the type of bullets found in the victims' house were the same type of bullets found in Tucker's van. (App. at 446, ECF NO. 19-3 at 76.) Trial counsel also testified that if he objected to the statement, it would have only drawn attention to the fact that Tucker possessed the same type of bullets that were used in the crime. (Id.)



The PCR court found Tucker failed to meet his burden of showing that trial counsel was ineffective for failing to object to the solicitor's statement in the closing argument. The PCR court found that the solicitor's comment was not improper and trial counsel provided a rational explanation for why he did not object. The PCR court also found Tucker failed to show he was prejudiced by the comment.

The court finds the PCR court's decision is not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. First, as to the deficiency prong, Tucker failed to show that trial counsel had a basis to object to the solicitor's statement because generally, statements during closing arguments may be made concerning anything that is in evidence. See generally State v. Huggins, 781 S.E.2d 114, 116 (S.C. 1997) ("A solicitor may not rely on statements not in evidence during closing argument. Arguments must be confined to evidence in the record (and reasonable inferences therefrom), although failure to do so will not automatically result in reversal."); State v. Copeland, 468 S.E.2d 620, 624 (S.C. 1996). And the evidence at trial showed the same type of bullets found in the victims' house were found in Tucker's van. Also, trial counsel provided a valid strategic reason for not objecting to the statement—he did not want to highlight the subject of the statement in front of the jury. See McCarver v. Lee, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, we must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance.") (citing Strickland, 466 U.S. at 689). Moreover, Tucker presented no evidence at the PCR hearing that the solicitor's statement, even if it was based on facts beyond the record, was so unfair as to deny Tucker due process and require a new trial. See Huggins, 481 S.E.2d at 116 ("A new trial will not be granted unless the prosecutor's comments so infected the trial with unfairness

as to make the resulting conviction a denial of due process."). Therefore, he failed to show the outcome of his trial would have been different had trial counsel objected to the statement. See Strickland, 466 U.S. at 694. Accordingly, the court finds the PCR court reasonably found that trial counsel was not ineffective on this ground.

### h.    Ground Five (9)

In Ground Five, subsection nine of the Petition, Tucker argues trial counsel was ineffective for failing to object to a "prior consistent statement" by a state witness. Based on a review of the record, it appears this claim refers to Tucker's argument at the PCR hearing that trial counsel should have objected to the solicitor's introduction of Spruell's written statement to police implicating Tucker as the shooter. Tucker argues the statement was not admissible as a "prior consistent statement"[12] because Spruell's truthfulness had not been questioned.

First, the court notes this claim was not ruled on by the PCR court, and Tucker did not file a Rule 59(e) motion to alter or amend the judgment. Therefore, this claim was not preserved for appellate review on his PCR appeal. See Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating issues not raised to and ruled on by the PCR court are not preserved for review on appeal); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (stating issues are not preserved for appellate review where the PCR applicant fails to move pursuant to Rule 59(e) and ask the PCR court to make specific findings of fact and conclusions of law on his allegations). Further, because this claim was barred on independent and adequate state procedural rules, it is procedurally barred from federal habeas review. See Lawrence v. Branker, 517 F.3d at 714.

---

[12] See Rule 801(d), SCRE (defining statements that are not hearsay).

However, the respondent does not argue that this claim is procedurally barred, and procedural bar is an affirmative defense that may be waived if not raised in the district court. See Gray v. Netherland, 518 U.S. 152, 165-166 (1996); see also Jenkins v. Anderson, 447 U.S. 231, 234 (1980). On the other hand, the court may, in its discretion, deny federal habeas relief on the basis that the petitioner's claim is procedurally barred, even if that defense was not preserved or presented properly by the state. Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999). In deciding whether the court should exercise its discretion to notice a petitioner's procedural default, courts should consider those factors relevant to balancing the federal interests in comity and judicial economy against the petitioner's substantial interest in justice. Id. at 262 (citing Magourik v. Phillips, 144 F.3d 348 (5th Cir. 1998)). The court should also consider whether justice requires the petitioner be afforded a reasonable opportunity to present briefing and argument opposing dismissal based on procedural bar, and whether the state's failure to raise the defense of procedural bar was intentional or inadvertent. Id.

Here, the court finds that the interests of judicial economy and fairness to Tucker support a determination of his claim on the merits despite the procedural bar. Because the respondent did not raise the procedural bar as a defense to Ground Five, subsection nine, Tucker has not yet had an opportunity to argue that he can show cause to excuse the procedural bar on this claim. See Esslinger v. Davis, 44 F.3d 1515, 1528 (11th Cir. 1995) ("[W]e think it fundamentally unfair for a court *sua sponte* to invoke a procedural default without giving the petitioner an opportunity to show cause for the default."). Also, the court finds that further briefing on this issue would be superfluous because, as discussed below, this claim is patently without merit. See Yeatts, 166 F.3d at 261 (providing that the lack of merit in the petitioner's underlying claim counsels against

Page 30 of 32



addressing the procedural bar issue).  Accordingly, the court will address the merits of Tucker's claim in Ground Five, subsection nine, despite the procedural bar.[13]

On the merits, the court finds that Tucker's claim that trial counsel was ineffective for failing to object to the introduction of Spruell's written statement is without merit.  The respondent asserts the statement was not hearsay under Rule 801(d)(1)(C) because it was an identification by the witness.  See Rule 801(d)(1)(C), SCRE ("A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving the person[.]").  Tucker failed to present any argument to show why Spruell's written statement was not admissible, and therefore, he failed to show trial counsel had a basis to object to the admission of the statement.  Accordingly, the court finds Tucker's claim is without merit because he failed to show that trial counsel was deficient.  See Strickland, 466 U.S. at 687.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 18) and Tucker's Petition be denied.

July 25, 2016
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[13] The deferential standard of review under § 2254(d) does not apply here because Tucker's claim in this ground was not adjudicated on the merits by the state court.  Instead, the court reviews this claim *de novo*.  See Cone v. Bell, 556 U.S. 449, 472 (2009); Winston v. Kelly, 592 F.3d 535, 553-54 (4th Cir. 2010) ("The only limitation on § 2254(d)'s application is that the claims submitted must have been 'adjudicated on the merits' in state court.  When a claim has not been adjudicated on the merits by the state court, a federal court reviews the claim de novo.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).