# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Billy Shane Tucker, | ) | |
| | ) | Civil Action No.: 0:15-cv-04218-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden, McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Billy Shane Tucker ("Petitioner"), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging seven grounds for relief. (ECF No. 1.) This matter is before the court on Respondent's Motion for Summary Judgment. (ECF No. 18.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Paige Gossett, for pre-trial handling. On July 25, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 41.) This review considers Respondent's Objections to the Report and Recommendation of the Magistrate ("Respondent's Objections), (ECF No. 41), as well as Petitioner's Objections to Judge's Report and Recommendation ("Petitioner's Objections"), (ECF No. 44.) For the reasons stated herein, this court **ADOPTS** the Report of the Magistrate Judge.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 41). The court will only recite herein facts pertinent to the

1

analysis of Petitioner's Objections.

In August 2005, the Anderson County Grand Jury issued an indictment charging Petitioner with murder, assault and battery with intent to kill ("ABWIK"), and possession of a weapon during the commission of a violent crime. (ECF No. 41 at 1.) Petitioner was represented by counsel—Robert Gamble, Esquire—and was tried by jury on March 13-15, 2006. (*Id.*) The jury found Petitioner guilty as charged. (*Id.* at 2.) The circuit court sentenced Petitioner to life imprisonment for murder, twenty years' imprisonment for ABWIK, and five years' imprisonment for possession of a weapon, all sentences to be served consecutively. (*Id.*) Petitioner, represented by appellate counsel, timely appealed, and the South Carolina Court of Appeals dismissed his appeal. (*Id.*)

Subsequently, on January 7, 2009, Petitioner filed a pro se application for post-conviction relief ("PCR"). (*Id.*) The PCR court held an evidentiary hearing at which Petitioner appeared and was represented by counsel. (*Id.*) Following the hearing, the PCR court denied and dismissed Petitioner's PCR application with prejudice. (*Id.*) Subsequently, Petitioner filed a petition for writ of certiorari. Petitioner also filed a *pro se* addendum to the petition for writ of certiorari raising ten issues for review. (*Id.* at 5.) On February 24, 2014, the South Carolina Court of Appeals directed the parties to file a merits brief addressing trial counsel's failure to object to Petitioner's sentence for possession of a weapon during the commission of a violent crime. (*Id.*) Petitioner, through counsel, submitted a merits brief addressing four issues. On January 27, 2015, the South Carolina Court of Appeals vacated Petitioner's sentence for possession of a weapon during commission of a violent crime, and denied Petitioner's requested relief as to the remaining three issues. (*Id.* at 6.)

Petitioner filed the instant habeas petition on October 13, 2015, alleging seven grounds for relief. (*See* ECF No. 1.) Tucker's federal Petition for a writ of habeas corpus raises the following

2

issues, quoted verbatim:

>**Ground One:** Subject Matter Jurisdiction
>**Supporting Facts:** State took Petitioner to General Sessions Court on Void and Nullity Indictments.
>
>**Ground Two:** Subject Matter Jurisdiction
>**Supporting Facts:** State took Petitioner to a Jury trial during a Common Pleas Court term. Petitioner had his Jury trial during a Common Pleas Court term. The Judge (general sessions) doing Common Pleas court can open up (GS) to do Any general sessions' business except trials by Jury. Any trial by Jury done during a Common Pleas Court term defined by (title 14) is illegal and cannot be trust or relied upon. Petition is bringing this up for the first time on Appeal As Subject Matter Jurisdiction.
>
>**Ground Three:** Due Process Violation (3 counts)
>**Supporting Facts:**
>(1) State took petitioner to a Jury trial During a common Pleas court term/which is a violation of state law/statues.
>(2) State took Petitioner to a Jury trial on void indictments
>(3) State prosecution Put personnel belief in closing Arguments
>
>**Ground Four:** Prosecutional Misconduct
>**Supporting Facts:**
>(1) for take Petitioner to court to a Jury trial during a common pleas court term.
>(2) for taking Petitioner to Court as Void and Nullity indictments.
>(3) for Putting Personnel Belief in closing Argument which goes Against law.
>
>**Ground Five:** Ineffective assistance of Counsel (9 counts) IAC)
>**Supporting Facts:**
>(1) IAC for not objecting to sentencing structure
>(2) IAC for not calling a critical alibi witness that could have helped establish a alibi for time of crime.
>(3) IAC for not objecting to hearsay by state witnesses
>(4) IAC for not objecting to speculation by state witnesses.
>(5) for not introducing crucial Identification material favorable to petitioner
>(6) IAC for letting the state violate Petitioners' Due Process rights, Because state took Petitioner to a Jury trial during a common pleas court term. Also, for letting the state take petitioner to a Jury trial on void and Nulity indictments
>(7) IAC for committing a cumulative of errors that where extremely harmful to Petitioner
>(8) IAC for not objecting to solicitor injecting his Personel belief of the

3

>evidence into the closing Argument
>(9) for not objecting to a Prior consistent statement by a state witness
>
>**Ground Six:** Ineffective assistance of PCR Counsel (2 counts) IAC PCR
>**Supporting Facts:**
>(1) for not filing a 59(e) to make Judge at PCR Rule on All issues instead of Just some. Insuring All petitioners Grounds and Issues where Preserved for each Court.
>(2) for not introducing evidence shown in PCR hearing into record for courts to reflect on when viewing Petitioner's case at higher levels.
>**Ground Seven:** PCR Judge Errored By Not Ruling On All Issue's
>**Supporting Facts:**
>(1) PCR Judge errored by not ruling on the Cumulative effect of all the errors counsel made a Jury trial.
>(2) PCR Judge errored by not ruling on issue About Petitioner being taking to a Jury trial during a common pleas court term
>(3) for not ruling on Prosecutional misconduct, About injecting Personnel Belief into closing argument.

(Pet., ECF No. 1) (errors in original) (citations to record omitted).  On February 11, 2016, Respondent filed a Motion for Summary Judgment and Return and Memorandum of Law in Support of Motion for Summary Judgment. (ECF Nos. 18, 19.) On February 12, 2016, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedures and the time period for filing a response. (ECF No. 20.) After receiving extensions from the court (ECF Nos. 23, 29, 34), Petitioner filed a response in opposition on June 20, 2016.  (ECF No. 38.)  Subsequently, Respondent filed a reply to Petitioner's response on June 30, 2016.  (ECF No. 39.)

On July 25, 2016, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion for Summary Judgment.  (ECF No. 41.)  The Magistrate Judge found that Grounds One, Two, Three, Four, Six, and Seven were not cognizable on federal habeas review. (*Id.* at 12-15.) As to Ground Five—Petitioner's ineffective assistance of counsel claim—Petitioner alleged nine instances of ineffective assistance of counsel.  The Magistrate Judge acknowledged that five of the allegations—Grounds Five(3), Five(4), Five(6), Five(7) and Five(8)—might

possibly be procedurally barred because, although they were raised in Petitioner's *pro se* brief for writ of certiorari, they were not raised in the subsequently submitted merits brief and they were not addressed by the highest South Carolina court. However, the Magistrate Judge concluded that in the interest of judicial economy, it was more prudent to address the merits of all of the ineffective assistance of counsel claims because, under these specific circumstances, it was unclear whether some of the claims were procedurally barred. (*Id.* at 17.) After reviewing the merits, the Magistrate Judge concluded that the PCR court's determinations regarding Petitioner's ineffective assistance of counsel claims were not contrary to clearly established federal law. Accordingly, the Magistrate Judge recommended that this court grant Respondent's Motion for Summary Judgment and dismiss the petition.

The Respondent's Objections were timely filed on August 11, 2016. (ECF No. 43.) Petitioner's Objections were timely filed on August 11, 2016. (ECF No. 44.) On August 25, 2016, Respondent filed a reply to Petitioner's Objections. (ECF No. 45.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner's Objections largely consist of explanations of relevant case law and Petitioner's interpretations of the facts of his case. With respect to Grounds One, Two, Three, Four, Five(1), Five(9), Six, and Seven, Petitioner does not object to the Magistrate Judge's findings of fact or conclusions of law. As such, this court is not required to conduct a *de novo* review, and must only satisfy itself that the Magistrate Judge's conclusions do not demonstrate clear error. This court has reviewed the Magistrate Judge's conclusions as to the aforementioned Grounds, and does not find clear error.

However, Petitioner's Objections specifically address the Magistrate Judge's conclusions as to Grounds Five(2), Five(5), and Five(6).  In addition to Petitioner's Objections, Respondent's Objections address the Magistrate Judge's decision to review Grounds Five(3), Five(4), Five(6), Five(7), and Five(8) on the merits.  (ECF No. 43.)  Because Petitioner and Respondent have filed specific objections to the Magistrate Judge's conclusions as to Grounds Five(2), Five(3), Five(4), Five(5), Five(6), Five(7), and Five(8), this court is required to conduct a *de novo* review as to those grounds in light of the objections.

1. **Merits Review**

    a. **Ground Five(2)**

In Ground Five(2), Petitioner alleges that his counsel was ineffective for failing to call an alibi witness.  At trial, the State presented evidence that the victims were shot by a lone gunman around 11:30 a.m.  One of the victims was killed, and the other was severely injured.  The evidence demonstrates that the victims were shot in their home about three and one half miles from Petitioner's home on the same road.  The evidence also demonstrated that Petitioner made two calls to the victims' home, the last of which was a threatening call made around 11:15 a.m.

At the PCR hearing, Petitioner testified that trial counsel was ineffective for failing to call his friend Tonya Umlend ("Umlend") as an alibi witness. Petitioner testified that Umlend could testify that she was at his house with him for about ten minutes shortly before 11:00 a.m. on the day of the shooting, and that he also spoke to her on the phone around 11:18 a.m. for about two minutes. At the PCR hearing, Umlend essentially corroborated Petitioner's testimony regarding what she would have said.  Petitioner's trial counsel testified that he spoke with Umlend, but chose not to call her as a witness because the alibi she could have provided did not cover the time that the State alleged the shootings took place. Petitioner's trial counsel could not substantiate an alibi

7

for Petitioner between 11:18 and 11:30 a.m., and the evidence at trial showed that the shooting happened closer to 11:30 a.m. The PCR court found that Petitioner's claim regarding counsel's failure to call Umlend was without merit.

Petitioner now argues that it was impossible for him to have driven three and one half miles from his home to the victims' house, argue with the victims, and then shoot both of them within ten minutes. As such, Petitioner contends that his trial counsel should have called Umlend to testify as an alibi witness so that the jury could have heard about his state of mind and determined that he did not have time to commit the crime. However, even though Umlend's testimony could have shown that Petitioner had a limited amount of time to commit the crime, Petitioner has still failed to show that trial counsel's decision to not call Umlend fell below an objective standard of reasonableness.

In general, for an alibi to be successful, it must cover the entire time Petitioner's presence was required for accomplishment of the crime. *See State v. Baker*, 769 S.E.2d 860, 865 (S.C. 2015). Petitioner's alibi fails to cover the ten minutes most crucial to the accomplishment of the crime. Trial counsel declined to call the alibi witness because her testimony failed to cover the time of the actual shootings (ECF No. 19-3 at 72), and he also indicated that the jury might not interpret Umlend's testimony regarding Petitioner's mood in a positive manner (ECF No. 19-3 at 83). Even though she would have testified that he was calm and not agitated, which would have been contrary to testimony by the State's witnesses indicating that he had made angry calls to the victims' home that morning, trial counsel feared that the jury might have seen him as a "cold-blooded killer" who made the choice to shoot the victims without any emotional motivation. (*Id.*) In light of that possibility, and the fact that Umlend's testimony did not cover the time of the actual shootings, trial counsel determined that she would not be a helpful alibi witness. This court finds

that trial counsel's explanation for failing to call Umlend as an alibi witness demonstrates that his decision not to call her did not fall below an objective standard of reasonableness. As such, this court finds that the Magistrate Judge properly concluded that the PCR court reasonably found that trial counsel was not ineffective for failing to call an alibi witness.

       **b. Ground Five(5)**

In Ground Five(5), Petitioner asserts that trial counsel was ineffective for failing to introduce favorable identification evidence. Specifically, at trial, trial counsel introduced the written statement of the victims' neighbor—who was deceased by the time of trial—who described the assailant leaving the victims' home on the morning of the shootings, and although she described Petitioner's van, she indicated that the assailant leaving the victims' home was not the usual driver of the van because he was thinner and had shorter hair. As such, Petitioner alleges that her statement indicated that Petitioner was not the assailant. Additionally, the State also called the daughter of the victims' neighbor—Amy McNutt ("McNutt")—who described briefly seeing the assailant as well. Petitioner contends that his trial counsel should have introduced evidence of his arm tattoos to indicate that he could not have been the assailant because neither of the eyewitnesses indicated that the assailant had tattoos. The PCR court determined that trial counsel was not ineffective for failing to produce such evidence. The Magistrate Judge concluded that the PCR court's decision was not contrary to federal law. However, Petitioner objects to the Magistrate Judge's decision because the Magistrate Judge failed to consider the effect of McNutt's testimony in her recommendation as to this ground.

At trial, McNutt testified to being at her mother's house between 11:00 and 11:45 a.m. on the morning of the shooting when she heard two loud "booms". After hearing the loud noises, McNutt went over to her mother's window to see what was going on, and she saw a white male

9

getting into a van outside of the victims' house. She only testified to seeing the arm of the man, and when asked if he had any tattoos or identifying marks, she said "No. I wouldn't have seen a tattoo." (ECF No. 19-1 at 171.) Petitioner contends that her testimony indicates that the assailant did not have any tattoos, such that his trial counsel should have introduced evidence that Petitioner had tattoos which would indicate that Petitioner was not the assailant. However, this court finds that a more reasonable interpretation of McNutt's testimony is that she was not close enough or focused enough to have noticed whether or not the person entering the van had tattoos on his arm or not. Further, the victims' neighbor's statement did not include any indication as to whether the assailant had tattoos. Accordingly, it is not clear that trial counsel would have had reason to believe that introducing evidence of Petitioner's tattoos would have bolstered the discrepancy between the descriptions of the assailant and Petitioner's appearance. Further, Petitioner has failed to show that evidence of his tattoos would have changed the outcome of the trial, and as such, Petitioner cannot demonstrate prejudice. Moreover, trial counsel introduced the victims' neighbors' statement describing the assailant and a photo of Petitioner that did not match the description such that the jury was already aware that the victims' neighbor's description did not match Petitioner's appearance. Therefore, this court finds that the Magistrate Judge properly concluded that the PCR court reasonably found counsel was not ineffective for failing to introduce evidence of Petitioner's tattoos.

### c. Ground Five(6)

In Ground Five(6), Petitioner alleges that his trial counsel was ineffective for failing to contest the court's subject matter jurisdiction. Specifically, Petitioner asserts that pursuant to S.C. Code Ann. § 14-5-750, the time in which his trial was held was designated as a common pleas court term by statute. Because Petitioner's indictment was a general sessions indictment,

Petitioner contends that pursuant to S.C. Code § 14-5-410, the court was not permitted to conduct a general sessions jury trial. Accordingly, Petitioner asserts that the court was without subject matter jurisdiction to conduct his trial.

As a threshold matter, while S.C. Code § 14-5-410 does purport to limit the transacting of general sessions business during a common pleas court term, it does not purport to be jurisdictional such that the circuit court is deprived of subject matter jurisdiction over criminal trials during a common pleas court session. Additionally, the Supreme Court of South Carolina has determined that the rules regarding term of court do not deprive the circuit court of subject matter jurisdiction. *State v. Campbell*, 656 S.E.2d 371, 373 (S.C. 2008). Although the Petitioner specifically objects to the reliance on *State v. Campbell* for this proposition, this court finds that though the facts of *Campbell* are distinguishable from Petitioner's case, the facts were not essential to the Court's disposition of the case. In *Campbell*, the Court clarified its previous jurisprudence regarding jurisdiction and the term of court rules, and indicated that the circuit courts retain subject matter jurisdiction over criminal matters regardless of the term of court. *Id.* Further, in general, circuit courts have subject matter jurisdiction over criminal matters in which the appropriate charges are filed. *State v. Crocker*, 612 S.E.2d 890, 894 (S.C. Ct. App. 2005).

Here, Petitioner was indicted in Anderson County for a crime committed in Anderson County, tried in Anderson County, and convicted in Anderson County pursuant to valid criminal statutes. This court finds that Petitioner's trial counsel had no reason to question the circuit court's jurisdiction over Petitioner's case, and as such, had no basis to object. Accordingly, this court finds that the Magistrate Judge properly concluded that the PCR court reasonably found that trial counsel was not ineffective for failing to contest the court's jurisdiction.

2. **Procedural Review—Grounds Five(3), Five(4), Five(6), Five(7), and Five(8)**

Respondent contends that the Magistrate Judge should not have considered the merits of Grounds Five(3), Five(4), Five(6), Five(7), and Five(8) because they were not properly presented to South Carolina's highest court, and as such, are procedurally barred.  The Magistrate Judge declined to determine that the aforementioned claims were procedurally barred because the rule was unclear, so it seemed more prudent to determine the merits of the claims.  This court agrees.

Prior to seeking habeas corpus relief, a petitioner is required to exhaust his state court remedies by presenting his claims to the state's highest court. *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).  "In determining whether a claim has been exhausted, a federal court sitting in habeas must consider not merely whether the claim has been placed before the highest state court, but also whether the state court has been given a fair opportunity to review the claim." *Baker v. Corcoran*, 220 F.3d 276, 290-91 (4th Cir. 2000).  In order to give a state court a fair opportunity to review any claims, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  In South Carolina, a ruling by a PCR court is a final judgment. S.C. Code Ann. § 17-27-80 (2014).  However, a petitioner has the option to file a petition for writ of certiorari in order to have that final judgment reviewed by the Supreme Court of South Carolina. S.C. Code Ann. § 17-27-100 (2014).  Following a ruling by a PCR court, any claims a petitioner raises in an appeal to the Court of Appeals or Supreme Court of South Carolina will be deemed exhausted for the purpose of federal habeas review. *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990).

Here, Petitioner did raise the claims in Grounds Five(3), Five(4), Five(6), Five(7), and Five(8) to the South Carolina Court of Appeals in his *pro se* brief, however, he did not readdress

12

the claims in the final merits brief submitted to the Court of Appeals. There is no indication that the merits brief was intended to supersede the pro se brief such that claims not raised in the merits brief were abandoned. Further, Based on this court's review of the rules regarding exhaustion, the claims are deemed exhausted once they are raised to the appellate courts, and unlike the ruling of a PCR court, there is no requirement that a petitioner file a motion to alter or amend to ensure that the appellate courts issue an order addressing every claim raised in the briefing. Because the rules only require that a petitioner raise the claims and is silent on whether the appellate courts are required to address the claims, the court is inclined to find that the Petitioner's claims were properly exhausted and, as such, not procedurally barred. However, the state of the law is unclear. At any rate, Respondent suffered no prejudice as a result of the Magistrate Judge's decision to review the claims on the merits because each ground was found to be meritless. Accordingly, the court finds that the Magistrate Judge properly determined that it was more prudent to address Grounds Five(3), Five(4), Five(6), Five(7), and Five(8) than to dismiss Petitioner's claims without review where the state of the law is unclear.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ADOPTS** the Report of the Magistrate Judge (ECF No. 41). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 18) is **GRANTED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 14, 2016
Columbia, South Carolina